UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JASON OLEWINSKI, | ) |
| Plaintiff, | ) |
| vs. | ) CAUSE NO. 4:12-CV-44-RLM-PRC |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security,[1] | ) |
| Defendant. | ) |

OPINION and ORDER

Jason Olewinski seeks judicial review of the final decision of the Commissioner of Social Security denying his application for Disability Insurance Benefits under Title II, 42 U.S.C. § 401 *et seq.*, of the Social Security Act. The court has jurisdiction over this action pursuant to 42 U.S.C. § 405(g). For the reasons that follow, the court reverses and remands this case to the Social Security Administration for further proceedings consistent with this opinion.

I. Background

Mr. Olewinski filed his initial application for benefits on November 25, 2008 in which he alleged that he became disabled on March 11, 2004 due to back pain, morbid obesity, major depression, and other issues. His application for benefits was initially partially granted when he was found disabled as of

---

[1] Carolyn W. Colvin, as Michael J. Astrue's successor, is automatically substituted as a party. Fed. R. Civ. P. 25(d).

April 1, 2008. Mr. Olewinski asked that the onset date be reconsidered and amended his alleged onset date to July 1, 2007. The onset date of April 1, 2008 was affirmed. Mr. Olewinski then requested an administrative hearing that was held on January 11, 2011 and at which he was represented by counsel. At that hearing, the administrative law judge heard testimony from Mr. Olewinski and vocational expert Leonard Fisher. In the written opinion that followed, the ALJ found that Mr. Olewinski had several severe impairments, but he didn't have an impairment or combination of impairments that met the severity of those impairments that are considered conclusively disabling. The ALJ determined that while Mr. Olewinski was unable to perform his past work as a truck driver, he could perform a significant number of jobs available in the national economy. The ALJ concluded that Mr. Olewinski wasn't disabled within the meaning of the Act at any time from the alleged onset date, March 11, 2004, through the date of last insured, December 31, 2009. *See* 20 C.F.R. § 404.1520(g) (evaluation of disability in general). The Appeals Council denied review of the ALJ's decision, making the ALJ's decision the Commissioner's final determination. The parties agree that the matter is properly before this court.

## II. STANDARD OF REVIEW

The court must affirm the Commissioner's determination if it is supported by substantial evidence, 42 U.S.C. § 405(g); <u>Scott v. Astrue</u>, 647 F.3d 734, 739 (7th Cir. 2011), which means "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); *see also* Jones v. Astrue, 623 F.3d 1155, 1160 (7th Cir. 2010). The court can't re-weigh the evidence, make independent findings of fact, decide questions of credibility, or substitute its own judgment for that of the Commissioner. Simila v. Astrue, 573 F.3d 503, 513 (7th Cir. 2009). But in reviewing the ALJ's conclusions, "[t]he court will conduct a critical review of the evidence, considering both the evidence that supports, as well as the evidence that detracts from, the Commissioner's decision, and the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." Briscoe v. Barnhart, 425 F.3d 345, 351 (7th Cir. 2005). The ALJ isn't required "to address every piece of evidence or testimony presented, but must provide a 'logical bridge' between the evidence and the conclusions so that [the court] can assess the validity of the agency's ultimate findings and afford the claimant meaningful judicial review." Jones v. Astrue, 623 F.3d 1155, 1160 (7th Cir. 2010).

### III. DISCUSSION

Mr. Olewinski contends the ALJ improperly evaluated the medical opinion of state agency doctors, the medical opinion of his treating physician, and his credibility and improperly incorporated his limitations in the hypothetical posed to the VE. The ALJ's decision lacks an adequate analysis of the state agency doctors' medical opinions, so the court needn't consider Mr. Olewinski's other arguments.

-3-

The Social Security Administration uses a sequential five-step analysis to determine if a claimant is disabled. 20 C.F.R. § 416.920. This review only reaches the third step, which compares the claimant's severe impairments to a list of impairments that are considered conclusively disabling. Craft v. Astrue, 539 F.3d 668, 673-674 (7th Cir. 2008). If the impairment meets or equals one of the listed impairments, then the applicant is considered disabled; if the impairment doesn't meet or equal a listed impairment, then the evaluation continues. Id. Although Mr. Olewinski suffered from degenerative and discogenic disorders of the back including dorsolumbar disk disease, lumbar radiculopathy and chronic back pain, morbid obesity, major depression, a cognitive disorder not otherwise specified (memory loss and comprehension), a sleep disorder (due to pain), gout, arthritis, and peripheral neuropathy, the ALJ found that Mr. Olewinski didn't have an impairment or combination of impairments that met or medically equaled an impairment listed in Appendix 1 of the SSI Regulations (20 C.F.R. Part 404, Subpart P, Appx. 1).

Mr. Olewinski argues the ALJ improperly evaluated the medical opinions of state agency doctors Mila Bacalla and B. Whitley. Those doctors concluded Mr. Olewinski's impairments medically equaled the criteria of Listing 1.04A, but the ALJ concluded the record didn't contain sufficient objective medical evidence to support the doctors' conclusion. Listing 1.04A, Disorders of the Spine, requires "[e]vidence of nerve root compression characterized by neuro-

anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)." 20 C.F.R. Part 404, Subpart P, Appx. 1, 1.04A. Mr. Olewinski doesn't argue that his degenerative disc disease met Listing 1.04A; he claims the combination of his impairments met the listing. A claimant's impairment may be medically equivalent to a listed impairment "if it is at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 404.1526(a). Medical equivalence can be determined in three ways: (1) a claimant has an impairment, but either – (a) doesn't exhibit one or more of the specified findings or (b) does exhibit all the findings, but one or more isn't as severe as specified in the listing – and the claimant has other findings that are at least of equal medical significance to the required criteria; (2) a claimant has an impairment that isn't listed, but the findings are at least of equal medical significance to those of a listed impairment; or (3) a claimant has a combination of impairments, no one of which meets a listing, but the findings related to the impairments are of equal medical significance to those of a listed impairment. 20 C.F.R. § 404.1526(b).

On May 4, 2009, Dr. J. Sands reviewed Mr. Olewinski's file at the state agency's request and opined that Mr. Olewinski's nerve displacement and compression combined with his weight medically equaled the criteria of Listing

1.04A.[2] On May 14, 2009, Dr. Bacalla also reviewed Mr. Olewinski's file for the state agency and opined that his combination of impairments, including his pain, met Listing 1.04A. Her report discussed Mr. Olewinski's back problems and obesity. On October 29, 2009, Dr. Whitley affirmed Dr. Bacalla's assessment as written and without further comment.[3] The ALJ determined the opinions of Dr. Sands and Dr. Bacalla were inconsistent with the "relative absence of clinical criteria of Listing 1.04A" indicated in the treating physicians' notes and the March 2009 consultative examination report.

The ALJ's analysis isn't perfunctory as Mr. Olewinski suggests. *See* Kastner v. Astrue, 697 F.3d 642, 647 (7th Cir. 2012) (quoting Barnett v. Barnhart, 381 F.3d 664, 668 (7th Cir. 2004)) ("in considering whether a claimant's condition meets or equals a listed impairment, an ALJ must discuss the listing by name and offer more than a perfunctory analysis of the listing."). The ALJ noted the diagnostic findings from 2004 and 2008 indicated nerve root compression consistent with Listing 1.04A's criteria. The physical examinations, according to the ALJ, didn't show muscle atrophy, motor weakness, or sensory or reflex loss – additional criteria under Listing 1.04A. The ALJ highlighted that Dr. Bacalla noted Mr. Olewinski's normal sensation, reflex, and motor strength during the March 2009 consultative examination

---

[2] The court can't decipher Dr. Sands's report, which is recorded on Form SSA-831, to confirm this information found in the ALJ's decision.

[3] Mr. Olewinski doesn't mention Dr. Sands's evaluation, which is favorable to his argument, and the ALJ didn't mention Dr. Whitley's report, which adds little to Dr. Bacalla's report beyond his agreement with the assessment.

and that no focal neurological deficits had been demonstrated at prior examinations. Further, the ALJ noted the claimant's reported radicular symptoms of right leg pain, numbness, and tingling occurred on the opposite side from his left protruding disc herniation, so his pain wasn't neuro-anatomic in distribution. The ALJ emphasized that Mr. Olewinski had decreased muscle strength intermittently in 2004 near the date of his injury, but all physical examinations performed after May 2004 observed his motor strength, reflexes, and sensation to be intact. As a result, the ALJ concluded that the record didn't contain sufficient objective medical evidence to support the doctors' conclusion that Mr. Olewinski's impairments met Listing 1.04A.

Mr. Olewinski argues that the ALJ should have considered his obesity and pain, like the doctors did, when she determined his impairments didn't equal a listing. The court agrees. The ALJ correctly considered medical expert opinions in her equivalence analysis, *see* Barnett v. Barnhart, 381 F.3d 664, 670-671 (7th Cir. 2004) (ALJ must consider an expert's opinion on equivalency); Minnick v. Colvin, No. 13-3626, 2015 WL 75273, at *6 (7th Cir. Jan. 7, 2015), and the ALJ may "evaluate the evidence and explanations that support a medical source's findings." Simila v. Astrue, 573 F.3d 503, 516 (7th Cir. 2009) (citing 20 C.F.R. § 404.1527(d)(3)). But the ALJ's evaluation of the evidence overlooked Mr. Olewinski's obesity and pain.

Dr. Sands and Dr. Bacalla cited Mr. Olewinski's obesity and pain in their opinions that his impairments medically equaled Listing 1.04A. For example,

Dr. Bacalla opined that the proposal that Mr. Olewinski's impairments equaled listing 1.04A was acceptable "with pain consideration." The Commissioner argues Dr. Bacalla didn't explain which findings from Listing 1.04A were missing and which other findings took their place and the subjective reports of pain the doctors cited were insufficient evidence for an equivalence finding. But the ALJ didn't mention these purported weaknesses in the doctors' reports in her decision, so the court can't conclude the ALJ based her decision on this information. The ALJ might have considered Mr. Olewinski's obesity and pain, but the court can't know what isn't said in the ALJ's decision. As a result, the ALJ didn't build a logical bridge from the evidence to her conclusion that Mr. Olewinski's impairments didn't medically equal Listing 1.04A.

IV. CONCLUSION

The ALJ's decision doesn't provide a logical bridge between the evidence and her conclusion. *See* Jones v. Astrue, 623 F.3d 1155, 1160 (7th Cir. 2010) (ALJ must provide a "logical bridge" between the evidence and the conclusion so the court can assess the validity of that conclusion). The Commissioner's denial of benefits is REVERSED and this case is REMANDED with instructions to return the matter to the Social Security Administration for further proceeding consistent with this opinion.

SO ORDERED.

ENTERED: <u>February 18, 2015</u>

<u>　　/s/ Robert L. Miller, Jr.　　</u>
Judge
United States District Court